CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 20 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TODD ZASTOUPIL,<br>    Plaintiff, | Civil Action No. 7:08-cv-00332 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>    Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Todd Zastoupil, a federal prisoner proceeding pro se, filed this Federal Tort Claims Act[1] (FTCA) and Bivens[2] civil action, with jurisdiction vested in 28 U.S.C. § 1331, against the United States of America. Zastoupil claims that the United States is liable for its employees' violating his constitutional rights and negligently assigning him to a prison's general population where his cell mate attacked him. After reviewing Zastoupil's complaint, I find that this action must be dismissed for failing to state a claim upon which relief may be granted and seeks relief from an immune defendant, pursuant to 28 U.S.C. § 1915A(b).

I.

Zastoupil alleges the following facts in his complaint. Zastoupil was convicted of sex crimes involving minors and incarcerated at the United States Penitentiary (USP) in Florence, Colorado. The prison staff at USP Florence put Zastoupil in the special housing unit (SHU) after someone informed his counselor about threats made against Zastoupil. Zastoupil's cell mate in the SHU subsequently attacked him with a razor blade. The Bureau of Prisons (BOP) then transferred Zastoupil to several facilities, ultimately arriving at USP in Lee County, Virginia, on May 1, 2007. BOP officials assigned him to general population housing.

---

[1] 28 U.S.C. §§ 2671-2680.

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Zastoupil's cell mate, M. Martin, attacked Zastoupil on May 22, 2007. As a result, Zastoupil had a broken jaw and a cut on his cheek, requiring two stitches. Martin allegedly had a prior history of attacking other inmates, but Zastoupil admits that Martin never threatened or assaulted him until May 22, 2007. Zastoupil does not claim that, prior to the incident on May 22, 2007, he had any problem with Martin or felt threatened by him, nor does he claim that he had voiced any complaints or concerns to BOP officials about a problem or disagreement with Martin. Zastoupil also does not claim that he knew of, nor informed BOP officials of, any identifiable risk to his safety. However, Zastoupil claims that the defendant's employees knew that there was an excessive risk to his safety and that they nevertheless placed Zastoupil at substantial risk of serious harm. Zastoupil requests $25,000 in damages and reimbursement for costs and fees.

II.

I am required to dismiss any action or claim filed by an inmate if I determine the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do

2

not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A.   Bivens claims

Zastoupil states in his complaint that prison staff denied him pain medication after he was attacked by Martin. Zastoupil also claims that prison staff did not follow a doctor's medical orders when prison staff stopped giving him a soft-tray diet after one week, instead of the prescribed four weeks. Zastoupil also incidentally claims that unknown officials kept him in inhumane conditions, interfered with his due process rights, frustrated his access to the courts, and illegally confiscated his personal property.

By the conditional filing order dated June 16, 2008, the Magistrate Judge directed Zastoupil to "submit accompanying documentation demonstrating that plaintiff has exhausted the appropriate remedies as to each of the claims raised in the complaint." (Docket #2) (original emphasis); see 42 U.S.C. § 1997e (requiring plaintiffs bringing federal suits about prison conditions to administratively exhaust claims). Although Zastoupil claims in his complaint that unknown officials violated myriad constitutional rights, Zastoupil does not provide any indication that he raised these claims to prison officials. Zastoupil states in his letter to the Clerk of the Court dated June 20, 2008, that he made every attempt to reconcile the issue to the best of his ability, and he attached various documents in support thereof. However, none of the documents he drafted to any prison official discusses any allegation regarding his constitutional rights. Zastoupil also failed to develop his constitutional claims beyond mere labels and

3

conclusions despite receiving the conditional filing order directing him to amplify his complaint.

Furthermore, a Bivens claim is actionable against individuals, not against the United States or its entities. See Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (stating no remedy under Bivens against the federal government exists, just against federal officials individually). Therefore, the United States of America cannot be a defendant to a Bivens claim. Accordingly, Zastoupil's Bivens claims are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

B.  FTCA claims

The United States is entitled to sovereign immunity and cannot be sued without its consent. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA operates to waive the sovereign immunity of the United States such that it may be "liable in tort in the same manner and to the same extent as a private individual under like circumstances" under the law of the state in which the conduct occurred. 28 U.S.C. § 2674; Baum v. United States, 986 F.2d 716, 719 (4th Cir. 1993); see Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995) (the FTCA provides a limited waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment). As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities [] resolved in favor of the sovereign." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996).

The FTCA contains a number of exceptions, including the discretionary function exception. Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006). The discretionary function exception excludes from the FTCA's waiver of sovereign immunity:

> any claim based upon an act or omission of an employee of the United States, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the

4

> failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the United States, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). This exception is intended to protect the United States from liability where its agents and employees are engaged in decision-making that involves issues of public policy. Williams, 50 F.3d at 308-09. The exception does not apply if an employee is not using discretion. Id. at 309. The discretionary function exception is intended to "mark[] the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). Imposing liability in situations where government employees are engaged in discretionary functions would hamper efficient governmental operations. Id. at 814.

The Supreme Court's decisions in United States v. Gaubert, 499 U.S. 315 (1991), and Berkovitz v. United States, 486 U.S. 531 (1988), established a two-prong test to determine whether the discretionary function applies to a given set of facts. First, the conduct at issue must involve an element of discretion; in other words, it must involve "judgment or choice." Williams, 50 F.3d at 309. If a statute or regulation mandates a certain course of action, there is no element of discretion. Berkovitz, 486 U.S. at 536. Where an employee has no discretion, there can be no exception, "because 'the employee has no rightful option but to adhere to the directive.'" Gaubert, 499 U.S. at 322 (quoting Berkovitz, 486 U.S. at 536).

If I find that an employee was using discretion, I must determine whether the decision

5

was "based on considerations of public policy."[3] Williams, 50 F.3d at 309. If the employee's judgment "advances the purposes of a regulatory scheme that gives an employee such discretion," an action may not be maintained under the FTCA. Id. In Gaubert, the Court found that the day-to-day decision-making at the operational level sometimes requires judgments that are within the ambit of the discretionary function exception for suits under the FTCA. 499 U.S. at 325. "Discretionary conduct is not confined to the policy or planning level. 'It is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.'" Id. (quoting Varig Airlines, 467 U.S. at 813). If an employee has a "range of discretion to exercise in deciding how to carry out" an assigned duty, such discretionary acts are protected under this exception, and sovereign immunity is not waived. Id. at 325.

The BOP is statutorily required to "provide suitable living quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(2). This statute imposes a general duty to care for persons held by the BOP but does not set forth any specific means of carrying out that duty. The BOP retains discretion as to how it will fulfill that duty. See Cohen v. United States, 151 F.3d. 1338, 1342 (11th Cir.1998) (finding that § 4042 gives discretion to the BOP as to the means to comply with the statute); see also Branch v. United States, 2006 U.S. Dist. LEXIS 45515, 2006 WL

---

[3] The Fourth Circuit has taken an expansive view of what constitutes public policy. See Hawes v. United States, 409 F.3d 213, 219 (4th Cir. 2005) (reviewing Fourth Circuit case law on the issue of what constitutes public policy in the context of the discretionary function exception.) Examples in the Fourth Circuit of judgments determined to be public policy decisions include: judgments regarding maintenance of bridges and guardrails, see Baum, 986 F.2d at 719; judgments regarding decisions to shut down one escalator, leave another escalator unassembled, and a decision not to provide a warning regarding the situation, see Smith v. Wash. Metro Area Transit Auth., 290 F.3d 201 (4th Cir. 2002); and decisions about when to issue product safety alerts, see Patton Elec. Co. v. United States, 64 F.Supp.2d 580 (E.D. Va 1999).

6

1770995, at *3 (E.D. Va. June 22, 2006) (slip opinion); <u>Harris v. United States</u>, 2006 U.S. Dist. LEXIS 63939, 2006 WL 2583435, at *6 (N.D.W.Va., Sep 06, 2006) (slip opinion). Therefore, BOP officials retain sufficient discretion under that statute as to the manner and means by which they fulfill that duty to invoke the discretionary function exception, although § 4042 requires the BOP to provide protection. See <u>Cohen</u>, 151 F.3d at 1342 (dismissing inmate victim's FTCA claims because prison administrator's decision to place plaintiff's inmate attacker at a minimum security prison fell within the discretionary function exception); <u>Calderon v. United States</u>, 123 F.3d 947, 950 (7th Cir. 1997) (finding that prison administrators' decision not to separate inmate from another inmate who threatened and ultimately attacked him fell within discretionary function exception).

> As stated by the Eleventh Circuit in <u>Cohen</u>, this case:
>
> > exemplifies the type of case Congress must have had in mind when it enacted the discretionary function exception. Under [plaintiff's] theory, anytime a prisoner is injured by another prisoner, he can bring an action claiming that the BOP was negligent in classifying the prisoner who committed the assault and placing him in the institution at which the attack occurred, or in not removing that prisoner based upon some prior incident, or in not restricting his movement, or in not providing more guards, and so forth. Such second-guessing of the BOP's discretionary decisions is the type of thing avoided by the discretionary function exception, which is designed to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." <u>Gaubert</u>, 499 U.S. at 323 (internal citations and quotations omitted).

151 F.3d at 1344. BOP officials had the discretion to place Zastoupil in a housing unit, Zastoupil was not aware of, nor informed BOP officials of, any specific threats made against him, and Martin never exhibited any threatening behavior toward him. BOP officials assigned Zastoupil to general population housing in furtherance of their mission to provide suitable living quarters

7

for federal inmates. Therefore, I conclude that any administrative action by the defendant's employees in this case resulted from a discretionary decision advancing the purposes of a regulatory scheme. Thus, the government cannot be liable for Zastoupil's claim that prison officials were negligent in placing him and Martin in the same cell. See Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003) (holding that classification and assignment decisions, as well as the allocation of guards and other correctional staff, fall within discretionary function exception to FTCA); Cohen, 151 F.3d at 1344. Accordingly, the United States is protected by sovereign immunity against Zastoupil's claims that its employees' conduct was negligent.

III.

For the foregoing reasons, I find that Zastoupil has not presented any claims on which relief can be granted. Therefore, I dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 20th day of January, 2009.

Senior United States District Judge